**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES T. POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICER LARRY RATTLER, | ) | |
| STAR #7101; CHICAGO POLICE OFFICER TITO | ) | |
| FERNANDEZ, STAR #11891; CHICAGO POLICE | ) | |
| OFFICER BJORNN MILLAN, STAR #6087; CHICAGO | ) | |
| POLICE OFFICER GOFF STAR # 11111; CHICAGO | ) | |
| POLICE SGT. JEFFERSON, STAR #2445; and THE CITY | ) | |
| OF CHICAGO, a Municipal Corporation, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES, the PLAINTIFF, JAMES POWELL, by and through his attorney, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the DEFENDANTS, CHICAGO POLICE OFFICER LARRY RATTLER, STAR #7101; CHICAGO POLICE OFFICER TITO FERNANDEZ, STAR #11891; CHICAGO POLICE OFFICER BJORNN MILLAN, STAR #6087; CHICAGO POLICE OFFICER GOFF, STAR #11111; CHICAGO POLICE SGT. JEFFERSON, STAR #2445; and THE CITY OF CHICAGO, a Municipal Corporation, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of PLAINTIFF's constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the

1

facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. PLAINTIFF, JAMES POWELL, is an individual who at all times relevant hereto was present in the Northern District of Illinois.

4. DEFENDANTS, CHICAGO POLICE OFFICER LARRY RATTLER, STAR #7101; CHICAGO POLICE OFFICER TITO FERNANDEZ, STAR #11891; CHICAGO POLICE OFFICER BJORNN MILLAN, STAR #6087; CHICAGO POLICE OFFICER GOFF, STAR #11111; and CHICAGO POLICE SGT. JEFFERSON, STAR #2445 (hereinafter referred to as "DEFENDANT OFFICERS") were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

5. The DEFENDANT, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

6. On May 19, 2017, the DEFENDANT OFFICERS were part of a narcotics team under the direct supervision of DEFENDANT SGT. JEFFERSON # 2445.

7. On May 19, 2017, the DEFENDANT OFFICERS, under the direct supervision of DEFENDANT SGT. JEFFERSON # 2445, formulated a plan to conduct a controlled narcotics purchase on the 3700 block of W. 16th Street in the City of Chicago.

8. As part of this plan, the DEFENDANT OFFICERS were to video record undercover officer, DEFENDANT LARRY RATTLER, STAR # 7101 (herein after referred to as "RATTLER"), purchase narcotics.

9. As part of this plan, DEFENDANT OFFICERS MILLAN and GOFF were

2

"enforcement officers," whose duties and responsibilities included detaining, identifying and placing targets into custody who sold narcotics to DEFENDANT RATTLER.

10. As part of this plan, DEFENDANT OFFICER FERNANDEZ was the "surveillance officer" watching RATTLER as he attempted to purchase narcotics.

11. As part of this plan, DEFENDANT RATTLER was to purchase narcotics with marked money, known as 1505 funds, where the DEFENDANT OFFICERS record the serial numbers of the cash used in the purchase of the narcotics.

12. On May 19, 2017, at approximately 2:30 p.m., the DEFENDANT OFFICERS, under the direct supervision of DEFENDANT SGT. JEFFERSON # 2445, arrested Plaintiff JAMES T. POWELL (herein after referred to as "POWELL") in the vicinity of 3701 W. 16th Street, despite the fact POWELL had not committed a crime or violated any laws.

13. The DEFENDANT OFFICERS did not video tape any narcotic transaction between DEFENDANT OFFICER RATTLER and POWELL.

14. The DEFENDANT OFFICERS did not recover any marked 1505 funds allegedly used by DEFENDANT OFFICER RATTLER to purchase narcotics from POWELL.

15. The DEFENDANT OFFICERS did not recover any narcotics whatsoever from POWELL.

16. The DEFENDANT OFFICERS, under the direct supervision of DEFENDANT SGT. JEFFERSON # 2445, fabricated information on sworn police reports and criminal complaints and provided false information to prosecutors that POWELL sold heroin to DEFENDANT OFFICER RATTLER resulting in PLAINTIFF being charged with felony crimes in Cook County criminal case number 17CR8699-01.

17. Based on the false and fabricated evidence of the DEFENDANT OFFICERS,

POWELL was found guilty of delivery of a controlled substance on or about May 17, 2018, and sentenced to nine (9) years imprisonment in the Illinois Department of Corrections.

18. On or about August 9, 2021, the Appellate Court of Illinois reversed POWELL'S conviction and he was released from prison.

## COUNT I
### Deprivation of Liberty – Fabrication of Evidence

19. PLAINTIFF re-alleges and incorporates paragraphs 1-18 above as fully stated herein.

20. As a result of evidence fabricated by the DEFENDANTS, the PLAINTIFF was deprived of his liberty and was incarcerated in the Cook County Department of Corrections as a pre-trial detainee and in the Illinois Department of Corrections following his conviction in violation of his Constitutional rights under the Fourth and Fourteenth Amendments.

21. But for the misconduct of the DEFENDANTS outlined above, the PLAINTIFF would not have suffered a deprivation of his liberty.

22. The misconduct of DEFENDANTS outlined above proximately caused injury to the PLAINTIFF, including, but not limited to, prolonged incarceration, loss of normal life, humiliation, embarrassment, and severe emotional distress.

## COUNT II
### Fourth Amendment Sec. 1983 Malicious Prosecution

23. PLAINTIFF re-alleges and incorporates paragraphs 1-18 as fully stated herein.

24. As a result of the DEFENDANT OFFICERS misconduct outlined above, the PLAINTIFF was seized and subject to legal process instituted without probable cause in violation of his Fourth Amendment rights guaranteed by the Constitution.

25. The criminal proceedings initiated by the DEFENDANT OFFICERS were done so maliciously in the absence of probable cause and ultimately terminated without a conviction.

26. The misconduct of DEFENDANTS outlined above proximately caused injury to the PLAINTIFF, including, but not limited to, prolonged incarceration, loss of normal life, humiliation, embarrassment, and severe emotional distress.

## COUNT III
### State Claim- Malicious Prosecution
(All Defendants)

27. Plaintiff repeats, re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

28. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

29. The DEFENDANTS accused the Plaintiff of criminal activity knowing those accusations to be without probable cause, and they fabricated evidence and made false reports and statements with the intent of exerting influence to institute and continue judicial proceedings.

30. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of the Plaintiff.

31. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to prolonged incarceration, loss of normal life and substantial mental stress and anguish.

## COUNT IV
### Supervisor Liability
(Defendant Chicago Police Sgt. Jefferson)

32. PLAINTIFF re-allege and incorporate the factual allegations in paragraphs 1-18 above.

33. DEFENDANT SGT. JEFFERSON was the supervising Chicago Police officer, and as such, it was his responsibility to supervise the conduct of the other DEFENDANT OFFICERS who illegally arrested and charged the PLAINTIFF with crimes he did not commit.

34. Rather than properly supervising the DEFENDANT OFFICERS, SGT. JEFFERSON condoned their unlawful behavior and approved of the illegal arrest and prosecution of POWELL, and subsequently participated in, and approved the cover up of the illegal arrest and unlawful conduct of the officers under his supervision, by creating false police reports and other documents for the purpose of concealing the misconduct of the DEFENDANT OFFICERS.

35. As a direct and proximate result of DEFENDANT SGT. JEFFERSON's failure to supervise the other DEFENDANT OFFICERS, PLAINTIFF suffered significant damages including, but not limited to, prolonged incarceration, loss of normal life, embarrassment, humiliation, fear, and emotional pain and suffering.

## COUNT V
### Indemnification

36. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

37. The DEFENDANT OFFICERS acted within the scope of their employment in committing the misconduct described herein. Therefore, DEFENDANT CITY OF CHICAGO is

liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

38. PLAINTIFF, JAMES POWELL, respectfully requests that the Court:

   a. Enter a judgment in his favor and against all Defendants;

   b. Award compensatory damages against all Defendants;

   c. Award attorney's fees against all Defendants;

   d. Award punitive damages against all Defendants; and

   e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF, JAMES POWELL, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100